FILED
SUPERIOR COURT
OF GUAM

2014 FEB -3 PM 3: 58

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

          vs.

CURTIS JAMES PABLO DUENAS,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Criminal Case No. CF699-12

**DECISION AND ORDER: Defendant's
Motion to Suppress Evidence of Prior
Sexual Assault**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 3, 2014, on Curtis James Pablo Duenas' ("Defendant") Motion to Suppress Evidence of Prior Sexual Assault. Assistant Public Defender Jocelyn M. Roden represented the Defendant. Assistant Attorney General Elizabeth S. Vasiliades represented the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court orally **DENIED** the Defendant's motion. The Court now reduces to writing its Decision and Order.

## BACKGROUND

Defendant was indicted by a Superior Court of Guam Grand Jury on December 13, 2012 on the following charges: (1) Third Degree Sexual Conduct (As a 2nd Degree Felony) (2 counts) and (2) Fourth Degree Criminal Sexual Conduct (As a 3rd Degree Felony) (4 counts). Defendant was arraigned on January 23, 2013. Defendant pled not guilty and waived his right to a speedy trial. *See Super. Ct. of Guam Minute Entry Log No. 104833* (Jan. 23, 2013).

The Court issued its Scheduling Order on October 7, 2013. The Court set jury selection and trial date for February 5, 2014. On November 12, 2013, the People filed a Notice of Intent

CF699-12: People v. Curtis J.P. Duenas
Defendant's Motion to Suppress Evidence of Prior Sexual Assault

to Introduce Prior Sexual Assaults Pursuant to 6 GCA § 413. Consequently, Defendant filed a Motion to Suppress Evidence of Prior Sexual Assault on January 3, 2014.

## DISCUSSION

Defendant moves this Court "to suppress any evidence of prior sexual assaults as described in the Attorney General's Notice of Intent to Introduce Prior Sexual Assault pursuant to 6 GCA Section 413 filed November 12, 2013." *Def's. Mot. to Suppress* at 1 (Jan. 3, 2014). "The government intends to introduce into evidence the testimony of N.P.R. date of birth February 12, 2003 who will apparently testify that the defendant caused his penis to penetrate the mouth of N.P.R. sometime during 2008." *Id.* Defendant further contends that he "was charged with this offense in 2008 but never convicted." *Id.* Defendant argues that "the admission of testimony as to the prior act considering all the factors would be more prejudicial than probative in this case and should be suppressed." *Id.* at 3

The People oppose Defendant's motion. "The defense incorrectly asserts that the only evidence admissible of prior sex offenses are criminal convictions." *People's Opp'n Mot.* at 3 (Jan. 27, 2014). The Court agrees that this assertion is incorrect. The People also contend that "Rule 413 was constructed to broaden the scope of permissible character evidence allowed by Rule 404(b) where the current crime is a sex offense." *Id.* The People further argue that the "[t]he prior sexual assaults, so long as the probative value of testimony is not substantially outweighed by the danger of unfair prejudice to the defendant, should be admitted at trial. A limiting instruction to the jury about the uses of the prior conviction would further eliminate any potential for the jurors to use the prior sexual assault in a manner outside the scope intended by GRE 413 and its federal counterpart.

CF699-12: People v. Curtis J.P. Duenas
Defendant's Motion to Suppress Evidence of Prior Sexual Assault

The Federal Rules of Evidence permits the use of similar crimes in sexual assault cases as follows:

> **Rule 413. SIMILAR CRIMES IN SEXUAL-ASSUALT CASES**
> (a) **Permitted Uses.** In a criminal case in which a defendant is accused of a sexual assault, the court *may admit* evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.
> (b) **Disclosure to the Defendant.** If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements of a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause.

FRE 413 (emphasis added).

Guam's Rules of Evidence similarly tracks the language of the Federal Rules of Evidence 413.

GRE 413 provides in relevant part as follows:

> **Rule 413. Evidence of Similar Crimes in Criminal Sexual Conduct Cases.**
> (a) In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct *is admissible*, and may be considered for its bearing on any matter to which it is relevant.
> (b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of a testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.
> (c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.

GRE 413 (emphasis added).

"Prior to 1994, the admission of propensity evidence in sexual misconduct cases was severely restricted by Federal Rule of Evidence 404(b), which generally forbids the introduction of such evidence 'to prove the character of a person in order to show action in conformity therewith.' After years of turning back efforts to relax this longstanding bar, Congress passed Rules 413, 414, and 415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Together, these three rules 'supersede Rule 404(b)'s restriction,' by establishing a

presumption—but not 'a blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct." *U.S. v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004).

The Court recognizes that the Federal Rules of Evidence contains permissive language "may admit" while Guam's Rules of Evidence reads "is admissible" both relative to evidence that the defendant committed any other sexual assault. In either case, the Court is still obligated to consider this admission of evidence under any other rule pursuant to GRE 413(c). Accordingly, while Rule 413 enlarges the admissibility of evidence of past crimes ordinarily restricted by Rule 404, Rule 403 analysis should still apply.

Guam Rules of Evidence Rule 403 reads:

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.**
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

GRE 403.

In deciding whether to admit or exclude 413 evidence the court "should examine: (1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged: (3) the frequency of the prior acts; (4) the presence of lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimonies already offered at trial." *People v. Chinel*, 2013 Guam 24 ¶ 39. The Court finds that the Defendant is on trial for a sexual assault offense. Likewise, the evidence proffered is of another sexual assault, and that the evidence is relevant. *See United States v. Guardia*, 135 F.3d 1326 (10th Cir. 1998). Although there are differences in the age of the victims, both offenses involved non-consensual sexual conduct. *See People v. Chinel*, 2013 Guam 24 ¶ 41. "The Rule [413] is not limited to

convictions; thus it provides for the admissibility of any evidence, including mere allegations, of other offenses of sexual assault committed by the defendant." Glen Weissenberger, Federal Rules of Evidence: Rules, Legislative History, Commentary and Authority 216 (5[th] ed. 2007).

In relation to the frequency of the prior act, the past other non-consensual act is referenced in a 2008 GPD Police Report involving a male, age five. The instant case alleges a sexual assault occurring as early as January 2010. The Court is to focus "on the number of acts rather than timing, as the timing goes to the previous prong." *See People v. Chinel*, 2013 Guam 24 ¶ 43.

In considering whether Defendant's prior bad act evidence is prejudicial, the issuance of the proper limiting instruction can prevent that prejudice from being unfair. *People v. Palisoc*, 2002 Guam 9 ¶ 29 (citing *Evaristo*, 1999 Guam 22 ¶ 17). *Palisoc* "emphasize[d] that an instruction to the jury limiting the use for which the evidence can be considered should be given both at the time the evidence is offered and during closing jury instructions prior to jury deliberation." *Id.* Cognizant of the Court's obligation to provide limiting instructions, and the authority to admit such prior bad acts pursuant to GRE 413 in this instant case, the Court **DENIES** Defendant's Motion to Suppress Evidence of Prior Sexual Assaults.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress Evidence of Prior Sexual Assaults.

**SO ORDERED** __3__ day of FEBRUARY, 2014

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

FEB 03 2014

5

CF699-12: People v. Curtis J.P. Duenas
Defendant's Motion to Suppress Evidence of Prior Sexual Assault

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam